## STATE v. CASSADY.

In an indictment, founded upon Gen. Stats., ch. 259, sec. 6, which provides for the punishment of any person who shall "wilfully obstruct or assault an officer or other person, duly authorized, in the service of any criminal process, for any offence punishable by imprisonment for more than one year," it is unnecessary to allege that the officer who served the process was duly and legally appointed; or that he was duly and legally qualified, and authorized to serve the same; or that the process therein described was "a lawful process;" or that the complaint upon which the process was issued was signed, or addressed to the justice who issued the same, or to any other magistrate; or that the process was under the seal of the justice who issued it.

Where provisos or exceptions are contained in distinct and independent clauses of the statute upon which an indictment is founded, it is unnecessary to allege, in the indictment, that the party described is not within the exceptions, nor to negative the provisos; for these conditions of the party are matters of defence, which the prosecutor need not anticipate.

INDICTMENT, charging that Jane Cassady, the defendant, " with force and arms upon one Samuel H. Legro, then and there being sheriff of the said county of Coös, and then and there being in the due and lawful execution of his said office, in the service of a warrant issued by Irving W. Drew, a justice of the peace for said county of Coös, against Frank Cassady and Jane Cassady, in a criminal case, founded upon a complaint, under oath, duly exhibited to said justice, against said Frank and Jane, for the crime of forcibly seizing and confining, without lawful authority, one William P. Cassady, a child two years of age, did make an assault, and him, the said Legro, then and there did beat, bruise, and ill treat, and in the due and lawful execution of his said office, in the service of said warrant, then and there did wilfully obstruct, oppose, and hinder, and other wrongs to the said Legro then and there did, contrary," &c.

After the State's evidence was closed, the defendant's counsel moved to quash the indictment, for the following reasons :   1. The indictment does not allege that the officer, who served the process therein named, was duly and legally appointed, and duly and legally qualified and authorized to serve the same.   2. The indictment does not allege that the process therein named was a lawful process, or state sufficient to show that it was a lawful process.   3. It does not show that the complaint, upon which the process therein named was issued, was signed at all, or addressed to the justice who issued the same, or to any other magistrate; or that the warrant was under the seal of the justice who issued it.   The court overruled the motion, and the defendant excepted.   The jury

returned a verdict of guilty; and the defendant moved in arrest of judgment, and the questions thereon arising were reserved.

*J. Benton* and *Crawford*, for the respondent.

1. The *essence* of the offence charged is, that the assault was upon an officer duly authorized, while serving some lawful process. Gen. Stats. 521, sec. 5.

This being an essential averment, it must be distinctly alleged in the indictment. 3 Greenl. Ev. 13, sec. 10. The general allegation, that the officer was "sheriff of said county of Coös," is insufficient, for it does not necessarily follow that he was "duly authorized" to serve the process mentioned in the indictment, since, in certain cases, he is prohibited by statute from serving processes. Gen. Stats. 400, sec. 4.

2. An indictment for obstructing an officer in the service of a legal process must expressly allege such process to be legal, or so describe it that it shall appear to be so; and an allegation that the sheriff was in the due and lawful execution of his office is *not* sufficient. *State* v. *Beasom*, 40 N. H. 367; *State* v. *Scammon*, 22 N. H. 46.

The statute by which this action is regulated contains the words "lawful process," which are descriptive of the offence; and the indictment must, in substance, follow the language of the statute, and expressly charge the described offence upon the defendant. *State* v. *Abbott*, 31 N. H. 439.

3. This indictment does not contain the words "lawful process," nor does it state sufficient to show that it was a lawful process. A warrant is lawful only when it issues upon a complaint, signed and under oath, and addressed to a justice or the court. Gen. Stats. 479, sec. 9.

The facts of signing and being addressed to a justice are material, and must be alleged or shown; for if the complaint were *not* signed, or not addressed to a justice, in either case it would not be sufficient, and the process issuing upon it would not be lawful.

*Ray*, solicitor, and *Drew*, for the State.

This indictment is founded upon a violation of Gen. Stats., ch. 259, sec. 6. The complaint and warrant in sheriff Legro's hands, at the time the alleged offence was committed, were based upon Gen. Stats., ch. 264, sec. 18. The reasons stated, in the respondent's motion to quash the indictment, are not sound.

1. It is unnecessary to allege that the sheriff was duly appointed and qualified. *State* v. *Copp*, 15 N. H. 216. The allegation in the indictment, that Mr. Legro was at the time sheriff of Coös county, is sufficient.

2. The indictment does allege, in substance, that he was authorized to serve the process in question, by setting forth the fact of his being sheriff, and being in the lawful execution of his office in the service of the process named.

3. The complaint is also sufficiently described, so that the court can see it was in due form of law.

4. The only doubt arises upon the sufficiency of the description of the warrant. It seems to us that the description there given is sufficient after verdict. Presumptively, the word warrant, when used in pleading, means a lawful or proper warrant. Unless such a warrant is in due form and perfect, it is no warrant in law. Unless the State proved on trial in this case a legal warrant, the respondent must have been acquitted. It is not the case, as it seems to us, of the statement of a defective title, but, at the most, only the case of a title defectively stated, which is clearly sufficient after verdict.

*State* v. *Beasom* is not in point, because it bears upon Gen. Stats., ch. 259, sec. 5, which in terms relates to assaulting or obstructing any officer, or other person duly authorized, in the service of any lawful process or order in any civil or criminal case, the punishment whereof is imprisonment in the jail and fine, or either. This case falls within the perview of section 6, same chapter, as before stated.

FOSTER, J. The indictment is founded on sec. 6 of ch. 259, Gen. Stats., which provides that "if any person shall wilfully assault or obstruct an officer, or other person duly authorized, in the service of any criminal process, for any offence punishable by imprisonment for more than one year, * *. he shall be imprisoned," &c.

The indictment charges that the respondent made an assault upon Legro, then and there being sheriff of the county, and then and there being in the due and lawful execution of his said office, in the service of a warrant issued by Irving W. Drew, a justice of the peace for said county, against Frank Cassady and Jane Cassady, in a criminal case founded upon a complaint, under oath, duly exhibited to said justice, against said Frank and Jane, for the crime of forcibly seizing and confining, without lawful authority, one William P. Cassady, a child two years of age, and did wilfully obstruct, oppose, and hinder said Legro, &c.

The respondent assigns three reasons in support of her motion in arrest of judgment:

1. "The indictment does not allege that the officer who served the process therein named was duly and legally appointed, and duly and legally qualified and authorized to serve the same."

The indictment charges an assault upon Samuel H. Legro, then and there being sheriff of the county of Coös. The assault is upon a sheriff. It was not necessary to allege that he was duly and legally appointed, or that he was duly and legally qualified.

This is expressly decided in *State* v. *Copp*, 15 N. H. 216, where it is also said, by GILCHRIST, J.,—" In 3 Ch. Cr. Law 832 (596), there is a precedent of an indictment for assaulting a constable in the execution of his office, and he is described as ' then being one of the constables of, &c., and in the due execution of his office then. and there being.' This is a sufficient allegation that he was a constable, and it would be

proved by evidence that he acted as such." See, also, 1 Greenl. Ev., secs. 83 and 92 ; 2 Bish. Crim. Procedure, secs. 783 and 828; *State* v. *Hooker,* 17 Vt. 658 ; *Tucker* v. *Aiken,* 7 N. H. 113 ; *Pierce* v. *Richardson,* 37 N. H. 307 ; *State* v. *Roberts,* 52 N. H. 492, and authorities there cited.

As it was not necessary for the indictment to allege that the sheriff was duly and legally appointed, or that he was duly and legally qualified, so, also, it was not necessary that it should allege that he was authorized to serve the process.

A party must recover, if at all, *secundum allegato et probata ;* but the statute makes it an offence to obstruct " an officer, *or other* person duly authorized, in the service of any criminal process," &c., and the requirement of the statute is satisfied by the adoption, in the indictment, of the alternative presented by the terms of the statutes. If Legro was an officer, it was unnecessary to allege that he was an officer " *or other* person." If it were certain that he sustained one character, it would be ridiculous to allege, in pleading, that he sustained that character, *or* another.

The words " or other persons duly authorized" are superfluous, and being rejected, the statute would read,—" If any person shall wilfully assault or obstruct any officer, in the service of any criminal process." With this provision of the statute the indictment precisely corresponds.

But upon other considerations we are of opinion that the indictment is sufficient in this particular. Granting that it be necessary to prove, and, therefore, to allege, that the officer was authorized to serve the process, we think this fact is sufficiently declared in the indictment. Legro is not only described as sheriff of the county (which, we have seen, is a sufficient allegation of his appointment and qualification as sheriff), but it is said that he was in the due and lawful execution of his said office, in the service of criminal process, the nature and character of which are described in such terms as to indicate clearly the statute upon which the process was founded which Legro was serving.

This is not like the case of *Rex* v. *Osmer*, 1 East P. C., ch. 5, sec. 71, p. 304. There, an indictment for an assault, false imprisonment, and rescue, stated that the judges of the court of record, of the town and county, &c., of P., issued their writ, directed to T. B., *one of the sergeants-at-mace* of the said town and county, to arrest W., by virtue of which T. B. was proceeding to arrest W. within the jurisdiction of the said court; but that the defendant assaulted T. B. in the due execution of his office, and prevented the arrest. The court held that it was bad, as it did not appear that T. B. was an officer of the court,—a sergeant-at-mace, *ex vi termini,* meaning no more than a person who carries a mace for some one or other.

Lord ELLENBOROUGH, C. J., said,—" Process ought always to be directed to a proper known officer ; otherwise, if it may be directed to any stranger, it might be resisted for want of knowledge that the party is an officer of the court."

Nor is this like the case of *State* v. *Beasom,* 40 N. H. 367, or *State* v.

*Flagg*, 50 N. H. 321, in both of which an allegation, that the officer was engaged in the due and lawful execution of his office, was said not to be a sufficient substitute or equivalent allegation for the words "lawful process," in the statute upon which the indictments in those cases were founded.

In those cases it was essential, in order to meet the substantive offence described by the statute, either to adopt the language of the statute by the use of the terms " lawful process," or else to show with certainty that the process was lawful, by setting it out in terms or in such manner that the court could see that none of the essentials to a lawful process were wanting.

In those cases, we apprehend, it would not have been deemed necessary to set out the process in other than general terms, sufficient to identify it, if the term " lawful process " had been employed.

The general rule is, that indictments upon statutes must state all the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it. 1 Ch. Cr. Law 232, 281. The omission of any fact necessary to constitute the offence will be fatal. Wharton Cr. Law 185.

But in the case before us, the statute definition of the officer's warrant is not " lawful process," but " criminal process ; " and it is so designated in the indictment.

It being unnecessary, therefore, to allege (whatever may have been the requirement as to proof on trial) that the process was lawful, but only that it was criminal, the remaining definition of the offence is supplied by such a description of the " criminal offence" as shall show what the offence was, and that it was an " offence punishable by imprisonment for more than one year."

In an indictment for an offence created by statute, it is said to be sufficient to describe the offence in the words of the statute. Wharton Cr. Law (3d ed.) 185, 189.

If we were to accept this proposition unqualifiedly, it would seem to be sufficient, Legro being sheriff of Coös, to allege that the assault was made upon him when engaged " in the service of a criminal process for an offence punishable by imprisonment for more than one year."

Such description would precisely conform to the words of the statute.

But whether this would answer or not, when the indictment not only employs all the terms of the statute descriptive of the offence, but then goes further and describes, with particularity, the nature of the offence charged in the criminal process which the officer was serving when assaulted, it cannot be doubted that the respondent is supplied with information of the charge against him as " fully and plainly, substantially and formally," as the bill of rights has assured to him, or as justice and reason could require.

In this indictment it is charged that Legro was sheriff of the county of Coös. The office of sheriff is one well known to the law. The incumbent is empowered by statute to serve all writs and other precepts to him directed, issuing from lawful authority. Gen. Stats., ch.

197, sec. 3.   It is charged that he was executing a warrant founded on a complaint for the crime of forcibly seizing and confining, without authority, one William P. Cassady.

From this description, the court can see that the process was founded upon sec. 18 of ch. 264, Gen. Stats., and was process of a character such as the sheriff was authorized to execute and serve.

But the respondent contends in argument that, although a sheriff may properly execute lawful process, *non constat*, that *this* sheriff was authorized to serve *this* process, because " in certain cases he is prohibited by statute from serving process."

The cases referred to are those mentioned in sec. 4, ch. 197, Gen. Stats., " where the sheriff is a party, or related to either party, or interested in the suit."

The court can readily see that Legro was not a party, and they will not presume that he was interested in the proceeding, or related to the respondent.

It is not incumbent on the State to prove this negative fact, and thus show that the sheriff was authorized to serve this particular process, unless it were incumbent upon the State to allege the fact in the indictment.

The indictment is founded upon section 6 of chapter 259.   The disqualifications of a sheriff to serve process in certain exceptional cases are declared by section 18 of chapter 264.

If provisos and exceptions are contained in distinct clauses, it is not necessary to state in the indictment that the party described does not come within the exceptions, nor to negative the provisos, for these conditions of the party are matters of defence, which the prosecutor need not anticipate.   4 Hawk. P. C., ch. 25, sec. 113.

In *Rex* v. *Bryan*, 2 Str. 1101, " the defendant was convicted on the gin act; and an exception was taken that there was no averment that it was not sold to be used in medicine ;—and the cases in the game act were mentioned, where, in convictions, it is necessary to exclude all the qualifications for killing game."

*Strange, contra,* cited Mich. 11 Geo. I, *Rex* v. *Theed,* " where, in a conviction for obstructing an excise officer, on 8 Ann, chapter 9, it was objected that, it not being averred to be in the day, it should have been shown that there was a constable present, which is made necessary in the night; but held well ; and its being in the night should have been shown on defendant's part."   " *Et per curiam,* this is brought within the general enacting clause : and the true distinction is, where the extenuation comes in by way of proviso, or exception. The conviction was confirmed."

And see *Rex* v. *Baxter,* 5 Term 83; *Gill* v. *Scrivens,* 7 Term 27; *State* v. *Adams,* 6 N. H. 532; *State* v. *Abbott,* 31 N. H. 434; *State* v. *Fuller,* 33 N. H. 259, where it is said,—" It is only when a proviso or exception is so inserted in the enacting clause of a statute as to qualify the enactment, and thus make the negativing it an essential part of the description of the offence, that it is necessary to negative it in an indictment for a violation of the statute."   See, also, *State* v. *Wade,* 34

N. H. 495; *State* v. *Savage,* 48 N. H. 485; Wharton's Crim. Law (3d ed.) 190, 191; 1 Bishop Crim. Pro., sec. 273.

The first ground of exception to the indictment is therefore overruled.

The second reason for the motion in arrest is, that " the indictment does not allege that the process therein named was a lawful process, or state sufficient to show that it was a lawful process."

The statute upon which the indictment was framed uses no such term as lawful process, but only " criminal process for any offence punishable by imprisonment for more than one year."

The indictment charges that Legro was engaged in the service of a warrant in a criminal case, which is described in such terms that the court can readily see that it relates to the offence described in General Statutes, chapter 264, section 18, which is within the purview of the statute upon which the indictment was framed. This is sufficient.

The substance of the third exception to the form of the indictment, —namely, that " it does not show that the complaint upon which the warrant was issued was signed at·all, or addressed to the justice who issued the same, or to any other magistrate, or that the warrant was under the seal of the justice who issued it,"—is of the same character as one of the exceptions considered and discussed by the court at sufficient length in the case of the *State* v. *Roberts,* 52 N. H. 492.

The exception cannot avail the respondent.

We have shown, in *State* v. *Roberts, ante,* that it is not necessary to set out *in hæc verba* the process under which the officer was acting. On the trial, legal process must be shown,—that is, process not deficient in the general frame of it, and issuing in the ordinary manner, and from the ordinary tribunals having jurisdiction thereof. It is not, in our opinion, necessary that the complaint should appear to be, nor be in fact, such an one as might not be found, upon demurrer or other legal objection to it, to be fatally defective (because the officer, acting as he must in obedience to the precept directed to him, is entitled to protection, notwithstanding the justice or attorney, who has drawn or issued the process, may have committed a fatal mistake in the frame of it) ; but it is sufficient so to describe the process in the indictment as to identify it, and inform the defendant of what he is called on to answer.

When the evidence for the State is applied to the indictment, it must appear that the warrant has essential legal form and substance—that it has a seal, for instance.

But " a process may be void," said EASTMAN, J., in *State* v. *Weed,* 21 N. H. 268, " so far as the parties originating and issuing the same are concerned, while, at the same time, it may be a good precept for the officer serving it. A complainant and magistrate may both be liable for the issuing of a warrant erroneously and irregularly, without cause and without jurisdiction ; while the officer into whose hands it is committed, finding it regular and legal upon its face, is not only protected in its service, but bound to obey it."

The motion to quash was properly overruled, and the motion in arrest of judgment is not sustained. There must be

*Judgment on the verdict.*